UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-1270(DSD/FLN)

Melanie Davis,

        Plaintiff,

v.                                                          **ORDER**

Morris-Walker, LTD, and
Orchard Park, LLC,

        Defendants.

       Padraigin Browne, Esq. and Browne Law LLC, 8530 Eagle Point Blvd., Suite #100, Lake Elmo, MN 55042, counsel for plaintiff.

       Edward Peter Sheu, Esq. and Best & Flanagan, LLP, 60 South 6th Street, Suite 2700, Minneapolis, MN 55402, counsel for defendants

This matter is before the court upon the motion to dismiss by defendants Morris-Walker Ltd. and Orchard Park, LLC, the motion for summary judgment by plaintiff Melanie Davis, and the appeal of Magistrate Judge Noel's denial of the motion to amend by Davis. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is granted, the motion for summary judgment is denied as moot, and the appeal is denied.[1]

---

[1] The court also summarily overrules defendants' objection to Davis's declaration. ECF No. 47.

## BACKGROUND

This civil rights dispute arises from plaintiff Melanie Davis's attempts to access the Emma Krumbee's restaurant in Belle Plaine, Minnesota (the Restaurant), which is owned and operated by defendants. Compl. ¶¶ 1, 10-11. Davis suffers from Cerebral Palsy and uses a wheelchair for mobility. Id. ¶ 9; Davis Decl. ¶ 2. On May 3, 2016, and March 4, 2017, Davis attempted to dine at the Restaurant, but was deterred from doing so because there were only three accessible parking spaces, one of which did not contain a sign reserving the spot and the other two of which had signs that were positioned too low to the ground to be visible at all times. Compl. ¶¶ 13-16. She also observed that there was no ramp from the parking lot to the sidewalk, which would have required her to travel through the parking lot to the front door of the Restaurant. Id. ¶ 18. Additionally, the nearest curb was in disrepair, which made wheelchair access difficult. Id. ¶ 19. On April 20, 2017, Davis filed this suit alleging violations of the Americans with Disabilities Act (ADA) and the Minnesota Human Rights Act (MHRA). She seeks declaratory and injunctive relief and damages. After receiving the complaint, defendants made several improvements to the accessible parking area of the Restaurant with the assistance of a certified accessibility specialist, a building official for the City of Belle Plaine, and a lawyer to address the

specific concerns raised by Davis.[2]  Morris Decl. [ECF No. 36] ¶¶ 12-17; McCarty Decl. ¶¶ 2-3, 7; Quarve-Peterson Decl. ¶¶ 2-3. Davis concedes that the improvements redressed the alleged ADA and MHRA violations, save the issue of whether there are a sufficient number of accessible parking spaces for the Restaurant.  Defendant now moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure and Davis moves for summary judgment.  Also before the court is Davis's appeal of Magistrate Judge Franklin L. Noel's order denying her motion to amend the complaint to add allegations that the seating in the Restaurant does not accommodate wheelchair users.  ECF No. 59.

## DISCUSSION

### I.   Motion to Dismiss

#### A.   Standard of Review

In order to properly dismiss an action for want of subject matter jurisdiction under Rule 12(b)(1), the challenging party must successfully attack the complaint, either on its face or on the factual truthfulness of its averments.  <u>Titus v. Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993).  In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a

---

[2] Defendants also made other changes not requested in the complaint to ensure ADA compliance.  Morris Decl. [ECF No. 36] ¶ 12.

motion brought under Rule 12(b)(6)." Branson Label, Inc. v. City of Branson, Mo., 793 F.3d 910, 914 (8th Cir. 2010) (citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). Here, defendants have waged a factual attack by asserting that the changes made to the parking lot redressed all of the ADA violations alleged in the complaint.

**B.   ADA Claim**

Defendants argue that the complaint should be dismissed given the ADA-compliant changes made to the Restaurant's accessible parking area.[3] Although Davis does not deny that her complaint is largely moot, she argues that the issue of whether there are enough accessible parking spaces remains, thereby precluding dismissal.

The record establishes that there are 88 parking spaces in the parking lot for the Restaurant. See Quarve-Peterson Decl. ¶ 8; id. Ex. 2, at 2, 6; Morris Decl. [ECF No. 52]. Under applicable ADA standards, the Restaurant is thus required to have 4 accessible

---

[3] Although framed by defendants as a question of standing, the issue is really whether Davis's claims are moot because defendants have remedied the alleged ADA violations. See Hillesheim v. Buzz Salons, LLC, No. 16-2225, 2017 WL 3172870, at *7 (D. Minn. June 19, 2017) ("The inquiry here is not whether Hillesheim has standing to bring this lawsuit ... but whether there is anything left for the Court to address at all."), adopted, 2017 WL 3172751 (D. Minn. July 25, 2017); Smith v. RW's Bierstube, Inc., No. 17-1866, 2017 WL 5186346, at *2 (D. Minn. Nov. 8, 2017) (same).

parking spaces in a "parking facility"[4] that has 76-100 spaces. 2010 ADA Standards § 208.2.  Davis argues that the adjacent truck, oversized, and overflow parking lot should be included in calculating the total number of spaces in the parking facility, which would increase the total number of spaces to 130 and the required number of accessible parking spaces to 5.  See id.  The court disagrees.  The adjacent lot is physically separate from the Restaurant parking lot, and is therefore properly considered a separate "facility" within the meaning of the standard.[5]  See id. § 208.2 (emphasis removed) ("When more than one parking facility is provided on a site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility."); see also Quarve-Peterson Decl. ¶ 8; id. Ex. 2, at 6.  Indeed, the adjacent lot - which is an empty lot shared with the City of Belle Plaine that used to serve a now-gone truck stop - is used for truck, oversized, employee, and overflow parking, not parking for the Restaurant.  Morris Decl. [ECF No. 36] ¶ 4; Morris Decl. [ECF No. 52].  As a result, defendants have provided a sufficient number of accessible parking spaces for the Restaurant.

---

[4] The 2010 ADA Standards use the term "parking facility" to make clear that the requirements apply to both parking lots and parking structures.  2010 ADA Standards § 208.2 Advisory.

[5] The separate question of whether the adjacent lot must independently comply with § 208.2 is not before the court.

Because none of the violations alleged in the complaint remain, the complaint is moot. The court is not concerned – nor does Davis contend – that the alleged violations will recur given the defendants' expeditious and thorough efforts to redress the problems. See <u>Sawczyn v. BMO Harris Bank Nat'l Ass'n</u>, 8 F. Supp. 3d 1108, 1113 (D. Minn. 2014) (citation and internal quotation marks omitted) ("The defendant carries a heavy burden of demonstrating not only that it has voluntary ceased the offending conduct but also that it is absolutely clear the offending conduct could not reasonably be expected to recur.").

**C.   State law claim**

Although the court concludes that Davis's ADA claim is moot, she may still have a viable claim for damages under the MHRA if she can establish that she was unlawfully denied access to the Restaurant. The court is not persuaded that Davis has sufficiently alleged such facts,[6] but declines to exercise supplemental jurisdiction over the MHRA claim in any event.

Where, as here, the court dismisses the sole federal claim, and there is no basis for diversity jurisdiction, the court no longer has original jurisdiction over the action and must consider whether to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all

---

[6] The complaint merely alleges that Davis was "deterred" from visiting the Restaurant, not that she was denied access to the Restaurant. Compl. ¶¶ 22, 23.

6

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Therefore, the court declines to exercise supplemental jurisdiction over Davis's MHRA claim.

**II.  Motion for Summary Judgment**

Because the court has concluded that the complaint must be dismissed, the court denies Davis's motion for summary judgment as moot.

**III. Motion to Amend**

As noted, Magistrate Judge Noel recently denied Davis's motion to amend the complaint to add allegations regarding the seating area in the restaurant, concluding that Davis lacks standing to bring such a claim because she admitted to never having been inside the Restaurant and presented no evidence that she planned to do so in the future.  ECF No. 59, at 2.

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive matters is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3).

Davis has failed to meet this standard. The proposed amended complaint states "on information and belief" that certain barriers exist inside the Restaurant, which might preclude her from dining there. ECF No. 20-1 ¶¶ 21, 32. She neither alleges to have ever been inside, nor does she allege present plans to visit, the Restaurant. Under these circumstances, Magistrate Judge Noel correctly concluded that Davis has not sufficiently established her standing to pursue such claims. The appeal is denied and the order is affirmed.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 31] is granted;

2. The ADA claim is dismissed with prejudice;

3. The MHRA claim is dismissed without prejudice;

4. The motion for summary judgment [ECF No. 40] is denied as moot; and

5. The appeal of the Magistrate Judge's Order [ECF No. 61] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 7, 2017

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court