UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-1270(DSD/FLN)

Melanie Davis,

       Plaintiff,

v.                                                **ORDER**

Morris-Walker, LTD., and
Orchard Park, LLC,

       Defendants.

      Padraigin Browne, Esq. and Browne Law LLC, 8530 Eagle Point Blvd., Suite #100, Lake Elmo, MN 55042, counsel for plaintiff.

      Edward Peter Sheu, Esq. and Best & Flanagan, LLP, 60 South 6th Street, Suite 2700, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motions to require cost bond and for attorney's fees and nontaxable expenses by defendants Morris-Walker Ltd. and Orchard Park, LLC and the motion for sanctions or attorney's fees by plaintiff Melanie Davis. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion for cost bond is granted in part, the motion for attorney's fees and nontaxable expenses is denied, and the motion for sanctions or attorney's fees is denied.

**BACKGROUND**

The background of this matter is fully set forth in the court's previous order [ECF No. 63] and will not be repeated here. The instant motions follow the court's dismissal of Davis's

complaint and denial of her motion for summary judgment. Davis has appealed those determinations to the Eighth Circuit Court of Appeals.

## DISCUSSION

**I.   Motion for Cost Bond**

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7; see also D. Minn. L.R. 67.3(e). "Appeal bonds are a type of guarantee for an appellee that an unsuccessful appellant can pay the costs the appellee incurs as a result of the appeal." In re Target Corp. Customer Data Sec. Breach Litig., 847 F.3d 608, 614-15 (8th Cir. 2017). The Eighth Circuit limits "costs on appeal to costs that a successful appellate litigant can recover pursuant to a specific rule or statute." Id. at 615 (quotation marks and citation omitted). Although the court finds the imposition of a cost bond appropriate in this case, defendants have failed to substantiate their request for a $5,000 cost bond. As Davis notes, the costs defendants will likely incur on appeal are far below $5,000 in light of the limited nature of the case. As a result, the court will impose a $200 cost bond on Davis.

**II.  Motion for Attorney's Fees and Nontaxable Expenses**

Defendants move for attorney's fees and nontaxable expenses under various rules and statutes, all of which generally require a showing that the plaintiff's claim was frivolous, unreasonable, or groundless or that counsel engaged in vexatious or dilatory conduct.  See 42 U.S.C. § 12205; 28 U.S.C. § 1927; Minn. Stat. § 363A.33, subdiv. 7; Fed. R. Civ. P. 11.  Although the court questions Davis's maintenance of the suit after defendants made changes to its parking lot to ensure ADA compliance, the court is not convinced that her claim thereafter became wholly frivolous, unreasonable, or groundless.  Nor is the court fully persuaded that Davis's counsel engaged in vexatious conduct, although that too is a close call.[1]

**III. Motion for Sanctions or Attorney's Fees**

Davis argues that she should be awarded sanctions or fees because defendants' post-judgment motions are meritless.  The court disagrees.  The court grants defendants' motion for cost bond and denies, but only narrowly, defendants' motion fees and nontaxable expenses.  As a result, Davis's motion is denied.

---

[1]  Counsel for Davis is cautioned that similar tactics in future cases will be highly disfavored.

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion for cost bond [ECF No. 67] is granted in part;

2. Plaintiff shall deposit a cost bond with the clerk of court in the amount of $200 within thirty days of the date of this order;

3. The motion for attorney's fees and nontaxable expenses [ECF No. 72] is denied; and

4. The motion for sanctions or attorney's fees [ECF No. 85] is denied.

Dated: January 19, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court
